# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIEUTENANT COWART** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-0347** |
| **N. BURL CAIN, WARDEN** | **SECTION: "S"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the reasons set forth below, it is recommended that the instant petition be **DENIED WITH PREJUDICE as untimely or, alternatively, DENIED with prejudice on the merits.**

## PROCEDURAL HISTORY

Petitioner, Lieutenant Cowart, Jr., is a state prisoner currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  According to Cowart's habeas application, he was convicted on December 18, 1978 of first degree murder and was sentenced to life imprisonment.[1]  The conviction was obtained in Orleans Parish Criminal District Court, Parish of Orleans, Louisiana, Case No. 261,200.[2]  Petitioner filed a direct appeal to the highest state court[3], which resulted in his conviction and sentence being affirmed on April 16, 1980 by the Louisiana Supreme Court.[4]  Petitioner did not seek review of his conviction and sentence from the United States Supreme Court.

According to Cowart's petition, on June 27, 2003, the Louisiana Supreme Court rendered a decision in *State v. DiLosa*, 848 So.2d 546 (La. 2003), "declaring

---

[1]Rec. Doc. 1, Petition at p.1.

[2]Petitioner's procedural history is pieced together from his petition, the State's response and the few documents provided in the state court record.  The State has indicated in its response that, as a result of Hurricane Katrina, much of the state record is currently unavailable.  See Rec. Doc. 5, Response at p. 2. Petitioner's criminal court case number is referenced on the writ denial from the Louisiana Supreme Court, *State ex rel. Cowart v. State,* 916 So.2d 153, (La. 11/29/05), a copy of which is located in State Rec. vol. 1.  *See also,* Verification letter from Louisiana Supreme Court dated May 18, 2006, State Rec. vol. 1.

[3]At the time of his conviction, all criminal appeals were taken directly to the Louisiana Supreme Court.

[4]*State v. Cowart,* 383 So.2d 1264 (La. 1980) [TABLE].

unconstitutional aspects of law under which Mr. Cowart was indicted."[5] On the basis

of the *Dilosa* case, Cowart subsequently filed for post-conviction relief with the state

district court, presumably on June 8, 2004[6].  On October 25, 2004, the district court

denied Cowart's petition.[7]  Cowart's subsequent appeal of that ruling to the Louisiana

Supreme Court, which was post-marked November 11, 2004 and stamped as filed on

December 21, 2004, was denied on November 29, 2005.[8] No further review was

sought.

On or about January 20, 2006, Cowart tendered an application for federal habeas

relief to his prison custodian.[9] The application was stamped as filed in this court on

March 6, 2006, after applicable filing fees were paid.  In his federal petition, Cowart

claims that his indictment was obtained in an unconstitutional manner, based upon a

---

[5]See Rec. Doc. 1, Petition at p. 1.

[6]The State was unable to provide the district court record.  However, according to the application for "Writ of Certiorari" which Cowart filed in the Louisiana Supreme Court in 2004, No. 04-KH-3163, the application was filed with the district court on June 8, 2004. See "Notice of Erroneous Filing," attached to Writ of Certiorari filing, No. 04-KH-3163, State Rec. vol. 1.

[7]See Rec. Doc. 1, "Application for Writ of Habeas Corpus" at p. 2, attached to Petition.

[8]A copy of the writ application and of the Louisiana Supreme Court's decision, 2004-KH-3163, can be found in State Rec. vol. 1; see also, *State ex rel. Cowart v. State*, 916 So.2d 153 (La. 2005).

[9]See Rec. Doc. 1, Petition at p. 29, signed and dated on January 20, 2006.

incorrectly empaneled grand jury.  He seeks  habeas relief on the basis of the Louisiana

Supreme Court's decision  in *State v. DiLosa*, 848 So.2d 546 (La. 2003).

The State filed its response to Cowart's petition on May 25, 2006, arguing that

Cowart's petition is no longer subject to federal court review as the limitations period

of one year has long since expired. The State argues that, since Cowart's conviction

was final for federal limitations purposes on July 16, 1980, and Cowart filed no

requests for post-conviction or other collateral review with the state courts until after

the 2003 *Dilosa* decision, Cowart's federal habeas petition is filed more than twenty

years too late.[10]

## <u>ANALYSIS</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a

petitioner is required to bring his *habeas corpus* claims pursuant to 28 U.S.C. § 2254

within one year from "the latest of" either the date the petitioner's state judgment

became final or the expiration of his time for seeking review.   *See* 28 U.S.C. §

2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In

this case, petitioner's federal conviction became final on April 16, 1980, when the

Louisiana Supreme Court denied his request for writ of certiorari. See La. C. Cr. P. art.

---

[10]The State specifically claims that Cowart was untimely under 28 U.S.C.§ 2244(d)(1) and (2), the federal habeas limitation provision, as of July 16, 1981. See Rec. Doc. 5, Response at p. 3.

4

922.  His time for seeking review of this decision with a higher court, however, would expire when the time for seeking review from the U.S. Supreme Court ended, ninety days after the April 16, 1980 denial, or on July 15, 1980.[11] However, contrary to the State's claims, Cowart's federal limitations period would not begin to run on July 16, 1980, as the AEDPA was not even enacted at the time Cowart's conviction became final.[12]

In conducting its analysis, the State apparently misses two legal concepts.  First, the State fails to acknowledge the rule of *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998). Since the Antiterrorism and Effective Death Penalty Act of 1996 was enacted after Cowart's conviction became final, the U.S. Fifth Circuit held, in *Flanagan*, that prisoners such as Cowart must be given a one-year grace period, from April 24, 1996 until April 24, 1997, during which to file a federal post conviction habeas challenge.  *Id. at* 201-02.  See also, *Felder v. Johnson*, 204 F.3d 168, 169 (5th Cir. 2000).  Under the general rule set forth in 28 U.S.C. §2244(d)(1), therefore, Cowart's federal limitations period therefore would have commenced running on April

---

[11]See Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.2d 510, 511 (5th Cir. 1999); *Roberts v. Cockrell*, 319 F.2d 690, 693 (5th Cir. 2003), citing *Flanagan*, 154 F.3d at 197.

[12]Prior to the 1996 enactment of the AEDPA, there was no federal limitations period for filing federal habeas petitions.

24, 1996 and he would have had until April 24, 1997 to file either his federal habeas petition or a "properly filed state post-conviction application" sufficient to toll the limitations period.[13]

Cowart failed, however, to file either a federal habeas or a state post-conviction application within that time period. Therefore, unless Cowart's claim falls under one of the exceptions to the general limitations rule as set forth in Section 2244(d)(1)(B)-(D), Cowart's federal habeas application would be time-barred. However, the possibility of an exception to the one year limitations rule also appears to have been overlooked by the State in its analysis.

Reading Cowart's application liberally, he appears to argue that his habeas application falls under the exception set forth in Section 2244(d)(1)(C) as his claim relies upon a "new rule of law".  Specifically, Section 2244(d)(1)(C) provides, in pertinent part:

> A  1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

---

[13]   28 U.S.C. 2244(d)(1) provides that a federal habeas action may be brought within a one year period after the conclusion of direct state review or the expiration of the time for seeking such direct review.  28 U.S.C. 2244(d)(2) allows for the tolling of this one year limitations period during the time when a properly filed post-conviction matter or other collateral review matter is proceeding in the state courts.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .

If Cowart could prove that his case fell under this exception, he would be given one year from the time when the new law was recognized to file a federal habeas petition. The *Dilosa* decision relied upon by Cowart was rendered on June 27, 2003. Assuming, arguendo, that the *Dilosa* decision was a "new rule of law", Cowart would have one year after that decision was rendered, or until June 27, 2004, to file either his federal petition or a state post-conviction application sufficient to toll the limitations period. Cowart filed a state post-conviction application on June 8, 2004, allowing all but 20 days of his one year limitations to expire. The application remained pending until the Louisiana Supreme Court denied it on November 29, 2005.[14] Cowart then waited until January 20, 2006 to tender his federal habeas application, allowing a lapse of 50 additional days. Therefore, even assuming the *Dilosa* decision extended Cowart's federal limitations period to one year after the decision was rendered, Cowart would still be untimely in filing his federal petition.

Alternatively, the court finds that the *Dilosa* decision could not extend Cowart's federal limitations period until June 27, 2004. In *Dilosa*, the Louisiana Supreme Court

---

[14]*See State ex rel. Cowart v. State*, 916 So.2d 153 (La. 2005).

held that Louisiana laws which established a unique method for the selection of the grand jury venire and foreperson in Orleans Parish violated La. Const. art. III, § 12(A), which prohibits the passage of local laws concerning criminal actions.[15]  *Dilosa* was thus based on the *Louisiana Supreme Court's* finding that certain articles of the Louisiana Code of Criminal Procedure violated the *state* constitution, which is of no moment in a federal proceeding.   Section 2244(d)(1)(C)  requires that a habeas petitioner make a two-prong showing: 1) that the constitutional right asserted has been newly recognized by the *U.S. Supreme Court*; and, 2) that the U.S. Supreme Court had made the right *retroactively applicable* to cases on collateral review (emphasis added). Cowart has made neither showing.  The *Dilosa* decision is neither a change of law set forth by the U.S. Supreme Court nor has it been made retroactive by the U.S. Supreme Court.  Therefore, Cowart cannot establish that his case falls under the purview of the exception set forth in 28 U.S.C.§2244(d)(1)(C).

Even if the court were to address the merits of Cowart's claim based upon *Dilosa*, the court  would necessarily find that Cowart is not entitled to relief.  Federal

---

[15]The provisions struck down by this court in *Dilosa* gave judges in Orleans Parish, and only in Orleans Parish, the unique authority to select all of the grand jurors from the grand jury venire, as opposed to the system of random selection from the venire prevailing elsewhere in the State of Louisiana for selection of all of the grand jurors with the exception of the foreperson. *Dilosa,* 848 So.2d at 550.

habeas corpus relief may be granted only to remedy violations of the U.S. Constitution and laws of the United States; mere violations of state law will not suffice.  28 U.S.C. §2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1983).  See *Davis v. Jones*, 2006 WL 1540114 (E.D. La. May 31, 2006)(Berrigan, J.)(holding that *Dilosa* "did not announce a new constitutional right under the United States Constitution.  Rather . . . a *state* supreme court applied a pre-existing *state* constitutional right to invalidate a state law".  The court therefore denied habeas relief.)

Therefore, although the court employs a different analysis than did the State in its response, the end result is the same.  Petitioner Cowart's federal habes application is untimely filed.  Alternatively, petitioner fails to establish that he is entitled to federal habeas relief on the basis of *State v. DiLosa*, 848 So.2d 546 (La. 2003).  Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the petition of Lieutenant Cowart for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** with prejudice as untimely.  Alternatively, the petition should be **DENIED** with prejudice on the merits.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 22nd day of September, 2006.

_____

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE